ALLEAN ROSS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ross v. Commissioner
Docket No. 7053-77.
United States Tax Court
T.C. Memo 1978-331; 1978 Tax Ct. Memo LEXIS 183; 37 T.C.M. (CCH) 1369; T.C.M. (RIA) 78331; August 22, 1978, Filed Allean Ross, pro se. Frank J. Coyne, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1973 in the amount of $ 437.92, plus an addition to tax under section 6653(a) [1] of $ 21.90. We are asked to decide whether payments made to petitioner's mother in 1973 may be deducted as child care expenses, and if so whether they have been adequately substantiated. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. *184 The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner, Allean Ross, was a resident of Washington, D.C. at the time the petition herein was filed. Petitioner filed her income tax return for calendar year 1973 late. The return is dated April 14, 1975, and was received by the Service Center in Philadelphia, Pennsylvania on April 16, 1975. The statutory notice of deficiency for the calendar year 1973 was mailed to petitioner on April 18, 1977. During 1973, petitioner had one son, Julius, who lived with petitioner's mother, Bessie Mae Harrison in Edgefield, South Carolina, while petitioner was gainfully employed in Washington, D.C.
Petitioner deducted $ 2,400 for child care expenses during 1973. A statement signed by Bessie Mae Harrison, dated December 6, 1975, indicates that petitioner paid her mother slightly under $ 500 for child care expenses during the year in issue. Petitioner does not have any receipts or documentary evidence demonstrating that she paid her mother, Bessie Mae Harrison, more than $ 480 during 1973, or that she paid child care expenses to anyone other than her mother. Petitioner does recall that she sent *185 her mother approximately $ 60 a month, usually by money order. Respondent disallowed the deduction in full on the ground that payments to relatives are not deductible under section 214. Because petitioner deducted $ 1,920 more than she paid for child care services, a negligence penalty was asserted. OPINION Section 214, as it was in effect for 1973, [2] allows as a deduction (with limitations) certain costs incurred for household and child care services if such expenses enable the taxpayer to be gainfully employed. However, section 214(e) (4) specifically bars a deduction for payments to a related individual. It provided: (4) Payments to Related Individuals.--No deduction shall be allowed under subsection (a) for any amount paid by the taxpayer to an individual bearing a relationship to the taxpayer described in paragraphs (1) through (8) of section 152(a) (relating to definition of dependent) or to a dependent described in paragraph (9) of such section. *186 Section 152(a) (4) includes in the definition of dependent a taxpayer's mother. Accordingly, we sustain respondent on the disallowance of the child care deduction. We also sustain respondent with regard to the negligence penalty of $ 21.90. Petitioner may have been understandably confused as to whether a deduction for payments to her mother was allowable in 1973. However, it is very clear that she paid nothing like the $ 2,400 that was taken on her return, and she does not at this point seriously contend otherwise. During the trial, the most petitioner claims that her return was made out by someone else who simply wrote the $ 2,400 deduction on the return. However, petitioner concedes that she looked through the return. While we believe that she may have known very little about the tax law, it should have been quite clear to her that a deduction far in excess of anything that she had actually paid was being claimed. We therefore believe that the negligence penalty was properly asserted in this case. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the year in issue.↩
2. Sec. 214 was repealed by the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1563, effective for taxable years begining after December 31, 1975. It was replaced by sec. 44A authorizing a partial credit against tax for household and child care expenses.↩